IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–00465–MDB

SAMI ALLAM,

    Plaintiff,

v.

SERVICE ONE, INC. d/b/a BSI FINANCIAL SERVICES, and
MASON MCDUFFIE MORTGAGE CORP.,

    Defendants.

---

**ORDER**

---

**SUMMARY FOR *PRO SE* PLAINTIFF**

    The Court is denying your request for reconsideration, as well as your attempt to file a second amended complaint. In its motion to dismiss Order, the Court allowed a limited opportunity to amend if you could reasonably assert a claim under 12 U.S.C. § 2605(e)(3). However, your proposed second amended complaint does not attempt to state a claim under § 2605(e)(3), and even if you did attempt to bring such a claim, the allegations do not support it. Based on these orders, the Court is closing this case. This is only a summary of the Court's order, which is set out in full below.

**ORDER**

    This matter is before the Court on Plaintiff's Motion Respectfully Asking Judge Dominguez Braswell To Reconsider Dismissal of Mason McDuffie Mortgage (["Motion for

Reconsideration"], Doc. No. 51) and Plaintiff's filing at ECF 53 which the Court construes as a motion to amend the Complaint (["Motion to Amend"], Doc. No. 53) (collectively, the "Motions"). Defendants have responded in opposition to both Motions (Doc. No. 55 (BSI's response to the Motion for Reconsideration); Doc. No. 56 (BSI's response to the Motion to Amend); Doc. No. 57 (Mason McDuffie's response to both Motions)) to which Plaintiff has replied in support of his Motions (Doc. No. 57 (reply to BSI); Doc. No. 59 (reply to Mason McDuffie)). For the following reasons, Plaintiff's Motions are **DENIED**, and this case is closed.

## STATEMENT OF THE CASE

Plaintiff's Amended Complaint asserted claims for (1) "Violation of U.S. Code 12 USC § 2605, Servicing of mortgage loans," (specifically §§ 2605(c) and (d)); (2) "Negligence, Negligence Per Se, and Gross Negligence On Behalf Of BSI," and (3) "Libel/Slander." (Doc. No. 28.) Defendants moved to dismiss all claims against them. (Doc. Nos. 31; 32.) Both motions were granted by the Court on December 5, 2024. (Doc. No. 48.) In its Order, the Court concluded Plaintiff had failed to state viable claims under 12 U.S.C. § 2605, a statute under the Real Estate Settlement and Procedures Act ("RESPA") framework. (*Id.* at 8–15.) The Court further concluded Plaintiff's common law negligence and libel/slander claims were preempted by the Fair Credit Reporting Act ("FCRA") and thus not cognizable.[1] (*Id.* at 15–16.) Plaintiff's claims were dismissed with prejudice. (*Id.* at 17.)

However, in its Order, the Court noted some of Plaintiff's allegations tended to sound in a claim against BSI under a different RESPA provision, 12 U.S.C. § 2605(e)(3). (*Id.* at n. 10.)

---

[1] Moreover, to the extent Plaintiff had attempted to fashion his common law claims as claims under the FCRA, the Court concluded such claim(s) "would likely fail as a matter of law." (Doc. No. 48 at n.12.)

2

Because Plaintiff is *pro se*, the Court allowed Plaintiff a limited opportunity to amend. (*Id*. at 17.) Plaintiff was expressly warned "he should only submit a Second Amended Complaint if he reasonably believes he can state a viable section 2605(e)(3) claim" and that "[t]he Court may dismiss any frivolous attempt to state such a claim, without further notice." (*Id.* at n. 13.)

Following the Court's Order, Plaintiff filed his Motion for Reconsideration. (Doc. No. 51.) Plaintiff also filed a red-lined second amended complaint. (Doc. No. 49.) However, because the purported second amended complaint did not attempt to assert a non-frivolous claim pursuant to 12 U.S.C. 2605(e)(3), Plaintiff's filing was rejected for failure to comply with the Court's Order. (Doc. No. 52.) Nevertheless, because the Court's December 20, 2024, deadline to amend had not yet run, Plaintiff was allowed to reattempt his amendment. Plaintiff filed the instant Motion to Amend on December 11, 2024. (Doc. No. 53.)

**The Current Motions**

In his Motion for Reconsideration, Plaintiff asks the Court to reconsider its Order dismissing all claims in this action. (Doc. No. 51 at ¶ 7.) Plaintiff cites his lack of "prior litigation experience" and inability to hire counsel. (*Id.*) He also says he is "currently engaged in ongoing meetings with the Federal Pro Se clinic" in order to properly pursue his case. (*Id.* at ¶ 8.) As to his claims, Plaintiff says he "only recently learned that an Agency relationship exists between Mason McDuffie Mortgage and Servis One Inc." (*Id.* at ¶ 9.) He further contends that "that Patrick Brock[,] an employee of Mason McDuffie Mortgage Corporation[,] ... materially participated in the negligence by providing Mr. Allam with the incorrect address to send the first payment to." (*Id.* at ¶ 10.)

3

In response, Defendants argue the Motion for Reconsideration fails to demonstrate any basis for reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. No. 56 at 5–6; Doc. No. 58 at 4–5.) Moreover, Defendants argue Plaintiff's *pro se* status is irrelevant to whether or not the Court should reconsider its Order. (Doc. No. 56 at 6; Doc. No. 58 at 4.)

In his replies, Plaintiff says he "recently obtained a Credit Union Letter verifying discrepancies in the account balances, fees, and charges associated with his mortgage loan." (Doc. No. 59 at 1; Doc. No. 57 at 2.) Plaintiff refers to this letter as new evidence and says it "supports [his] longstanding assertion that the amounts demanded and the disclosures provided by Mason McDuffie were inaccurate, incomplete, or misleading."[2] (Doc. No. 59 at 1–2, 4.)

Plaintiff's Motion to Amend is a red-lined copy of a proposed second amended complaint ("proposed SAC"). (Doc. No. 53.) The proposed SAC adds factual allegations and legal argument. (*See id.* at 1–6.) Further, it purports to bring claims for "[v]iolation of U.S. Code 12 USC § 2605(b) through (d), Servicing of mortgage loans, Reg X, 12 C.F.R, 1024.33 (a) (b) and (c)." (*Id.* at 7–10.) In their responses, Defendants note the proposed SAC fails to comply with the Court's Order that Plaintiff could amend his Complaint only to assert a 12 U.S.C. § 2605(e)(3) claim. (Doc. No. 56 at 5; Doc. No. 58 at 6.) Defendants also argue the proposed SAC does not contain any allegations that could support a § 2605(e)(3) claim and that the claims Plaintiff does attempt to assert are futile. (Doc. No. 56 at 5–6; Doc. No. 58 at 6–7.) Plaintiff's replies do not appear to address the Motion to Amend. (Doc. Nos. 57; 59.)

**LEGAL STANDARD**

---

[2] The remainder of Plaintiff's replies appear to be re-argument on the motions to dismiss or other discussion of unclear relevance. (*See* Doc. No. 59 at 2–5; Doc. No. 57 at 3–6.)

**I.     Motion for Reconsideration**

The Court considers Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed.R.Civ.P. 59(e) motion."). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. While "[a] Motion for Reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," *Silva v. U.S. Bank, National Assoc.*, 2019 WL 8223556, at *1 (D. Colo. Feb. 20, 2019), it "should not revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (stating that a Rule 59(e) motion should not be used to relitigate or raise arguments that could have been raised prior to entry of judgment). "Motions to amend judgments under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances." *Rivera v. JPMorgan Chase Bank, N.A.*, 312 F.R.D. 216, 219 (D.D.C. 2015).

**II.    Motion to Amend the Complaint**

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). However, the Court may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing

5

party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West*, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow an amendment is within the trial court's discretion. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

### III.   *Pro se* Plaintiff

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, the plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

### I.   Motion for Reconsideration

Plaintiff's Motion for Reconsideration fails Rule 59(e)'s high standard. First, while the Court understands that proceeding in federal court without counsel is challenging, a *pro se* party is not entitled to the application of rules different from those that apply to a represented party. *See Culp v. Williams*, 2011 WL 1597686, at n.1 (D. Colo. Apr. 27, 2011) ("The Court notes that a plaintiff's *pro se* status does not entitle him to application of different rules, despite the fact that *pro se* parties should be afforded significant leniency in their filings."). Thus, while the Court is sympathetic to Plaintiff's status as a *pro se* litigant—and indeed has allowed him

numerous opportunities to put forward cognizable claims—Plaintiff's reference to his *pro se* status has little relevance to the Court's analysis of his reconsideration request. Instead, the Court is guided by the framework of Rule 59(e), which allows for reconsideration under three circumstances: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

Plaintiff's Motion for Reconsideration sets forth only two possible bases for reconsideration under Rule 59(e): that an alleged "[a]gency relationship exists between Mason McDuffie Mortgage and Servis One Inc" and that he has identified a Mason McDuffie employee who allegedly provided him with an incorrect address to send his first mortgage payment to. (Doc. No. 51 at ¶¶ 9–10.) But neither assertion is sufficient to for reconsideration. First, the Court is unaware, and Plaintiff does not explain, what impact any agency relationship between Mason McDuffie Mortgage and BSI has on Plaintiff's claims. Moreover, even assuming that the agency relationship has some bearing on Plaintiff claims—which the Court finds doubtful—Plaintiff does not explain why this information was previously unavailable to him such that it supports reconsideration of the Court's Order under Rule 59(e).

Second, to the extent Plaintiff attempts to save his negligence claim by identifying a Mason McDuffie employee who allegedly provided an incorrect address to send his first mortgage payment to, such an attempt is futile because Plaintiff's common law "claims are preempted by the FCRA, and are thus not cognizable."[3] (Doc. No. 48 (citing *Glynn v. Hyundai*

---

[3] Plaintiff's replies also puts forward a third basis for reconsideration in the form of an apparently newly discovered "Credit Union Letter verifying discrepancies in the account balances, fees, and charges associated with his mortgage loan." (Doc. No. 59 at 1.) However,

7

*Motor Am.*, 2023 WL 11804221, at *3 (D. Colo. May 25, 2023) (saying the FCRA "precludes a consumer from bringing state law negligence, defamation, and invasion of privacy claims, except as to false information furnished with malice or willful intent to injure such consumer" (internal quotation omitted).) Accordingly, the Motion for Reconsideration is denied.

## II.     Motion to Amend

In its dismissal Order, the Court noted that while Plaintiff's claims were being dismissed, the Court would allow Plaintiff to file an amended complaint if he was able to make a non-frivolous claim under a *different* RESPA section, 12 U.S.C. § 2605(e)(3). (*See* Doc. No. 48 at n. 13 (saying "[t]he Court may dismiss any frivolous attempt to state such a claim, without further notice.").) However, Plaintiff's proposed SAC does not comply with this directive. Plaintiff attempts to re-assert the same RESPA claims already dismissed, and does not attempt to bring a claim under section 2605(e)(3). (*Compare Id.* at 8–15 (dismissing Plaintiff's claims brought under 12 U.S.C. §§ 2605(b), (c), and (d)), *with* Doc. No. 53 (Plaintiff's proposed SAC, purporting to bring claims under "12 U.S.C. § 2605 (b) through (d)" and "12 C.F.R. 1024.33 ... (b) and (c)"—the regulations which implement 12 U.S.C. § 2605(b) and (c)).) This alone is sufficient to deny the Motion to Amend and close the case. *See Stauch v. El Paso Cnty.*, 2024

---

though Plaintiff makes the conclusory statement that this letter "directly refutes Mason McDuffie's position that it 'fully complied' with all contractual and statutory duties," Plaintiff does not attempt to explain why the letter is relevant to the Court's analysis on the motions to dismiss. (*See* Doc. No. 59-1 (a letter from Blue Federal Credit Union which reads, "[o]n 06/21/2023 the check for $3648.31 that was written to Mason McDuffie would have needed to be initiated 5-10 business days before being cashed").) Indeed, contrary to what Plaintiff appears to believe (*see, e.g.*, Doc. No. 57 at 5), whether or not Plaintiff's initial mortgage payment was timely was irrelevant to the Court's analysis as to whether Defendants committed a RESPA violation giving rise to damages. (*See* Doc. No. 48 at 8–15.) Moreover, Plaintiff does not explain why this information was previously unavailable to him.

8

WL 3722959, at *2 (D. Colo. Aug. 8, 2024) (noting Federal Rule of Civil Procedure 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to ... comply with ... court orders").

But the Court goes a step further and notes three things. First, the proposed SAC allegations—even when construed in the light most favorable to Plaintiff—do not make out a § 2605(e)(3) claim. Plaintiff does not allege he sent BSI a qualified written request or that BSI reported an overdue payment to a credit reporting agency within 60 days after such a request was sent. *See* 12 U.S.C. §§ 2605(e)(3) ("During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."). Second, even assuming the Court had allowed Plaintiff to re-assert his 12 U.S.C. §§ 2605(b), (c), and (d)—which it did not—the Court notes the claims in proposed SAC are futile for the same reasons the motions to dismiss were granted. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) ("There is a limit to how many bites even a *pro se* plaintiff can have at the apple."). Finally, Plaintiff's references to, and attempt to assert new claims under, 12 C.F.R. 1024.33 (a)-(c) are futile. Sections (b) and (c) are the regulations that implement 12 U.S.C. § 2605(b) and (c). And section (a) applies to "reverse mortgage transaction(s)," which is entirely irrelevant to this action. *See* 12 C.F.R. § 1024.30 ("Section 1024.33(a) only applies to reverse mortgage transactions.").

## CONCLUSION

For the foregoing reasons, it is

9

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 51) and Motion to Amend (Doc. No. 53) are **DENIED**. It is further

**ORDERED** that the Clerk of Court is directed to close this case.

Dated this 24th day of January, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge